UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION  08CR387 PAM |
| Plaintiff, ) | |
| ) | (18 U.S.C. § 371) |
| v. ) | (26 U.S.C. § 7206(2)) |
| ) | |
| JAMES CARL WEHMHOFF, ) | |
| ) | |
| Defendant. ) | |

THE UNITED STATES ATTORNEY CHARGES THAT:

1. The defendant JAMES CARL WEHMHOFF is a Certified Public Accountant. From July 2004 through September 2008, the defendant was employed by PETTERS GROUP WORLDWIDE LLC ("PGW"), a company owned by Thomas Joseph Petters. From July 2004 through September 2007, defendant's title was Executive Vice President - Tax. After September 2007, defendant's title was changed to Executive Vice President - Finance, Tax and Treasury.

2. As part of his duties with PGW, defendant oversaw the tax department for PGW and prepared tax filings for PGW and other business entities owned by Thomas Joseph Petters, including PETTERS COMPANY, INC. ("PCI"). Defendant was also responsible for the accounting of, and IRS filings relating to, payments made by PCI to third parties. Defendant also prepared Thomas Joseph Petters's personal tax filings.

SCANNED
DEC 15 2008
U.S. DISTRICT COURT MPLS

FILED DEC 15 2008
RICHARD D. SLETTEN
JUDGMENT ENTD _____
DEPUTY CLERK _____

### Count 1
(Conspiracy to Defraud the United States)
18 U.S.C. § 371

3.     From in or about 2005 until in or about September 2008, in the State and District of Minnesota, the defendant,

**JAMES CARL WEHMHOFF**,

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with Thomas Joseph Petters, other employees of businesses owned by Thomas Joseph Petters, and with other individuals both known and unknown to the United States, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue, and particularly to defeat the collection of income taxes.

4.     In order to effect the object of the conspiracy and in furtherance of the conspiracy, defendant and other members of the conspiracy committed and caused to be committed the following overt acts in the District of Minnesota and elsewhere: (1) falsely characterizing approximately $60 million in payments made to, or on behalf of, Thomas Joseph Petters as "loans" when the payments should have been reported to the Internal Revenue Service as income and for which there were federal and state taxes due and owing; (2) falsely characterizing millions of dollars in payments made to

employees of business entities owned by Thomas Joseph Petters as "gifts" when the payments should have been reported to the Internal Revenue Service as income and for which there were federal and state taxes due and owing; (3) failing to report to the Internal Revenue Service millions of dollars of payments made to employees of business entities owned by Thomas Joseph Petters which had been falsely characterized as "gifts;" (4) preparing tax returns for employees of business entities owned by Thomas Joseph Petters knowing that the returns falsely reported the employees' income; and (5) filing defendant's own personal income tax returns in which he failed to report, and pay taxes on, millions of dollars in income. All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Aiding and Assisting in the Filing of False Tax Return)
26 U.S.C. § 7206(2)

5.   On or about October 16, 2006, the defendant,

### JAMES CARL WEHMHOFF,

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Individual Income Tax Return, Form 1040, for Thomas Joseph Petters for the tax year 2005, which he knew was false and fraudulent as to material matters, in that defendant knew that the

return falsely and materially under reported Thomas Joseph Petters's income, in violation of Title 26, United States Code, Section 7206(2).

6. In particular, the defendant knew that Thomas Joseph Petters obtained millions of dollars from one of his companies, PCI, which were falsely characterized on the books of PCI as "loans" to Thomas Joseph Petters. Defendant knew that the payments from PCI were not loans and in fact were income to Thomas Joseph Petters. No loan documents were ever prepared, interest was not accrued on the books of PCI, and no repayments were made. Defendant knew that the purpose of characterizing the payments from PCI as loans was to evade the payment of taxes on that income. Defendant prepared Thomas Joseph Petters's 2005 individual income tax return and knowingly failed to report any income from PCI, and that tax return was filed with the Internal Revenue Service.

Date: December 15, 2008

FRANK J. MAGILL, JR.
United States Attorney

BY: _____
JOSEPH T. DIXON, III
JOHN R. MARTI
TIMOTHY C. RANK
JOHN F. DOCHERTY
Assistant U.S. Attorneys

4